United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-31061

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL O'KEEFE, SR., GARY BENNETT;
JOHN O'BRIEN,

Defendants-Appellants.

————————————————————————————————

Appeals from the United States District Court for
the Eastern District of Louisiana
(95-CR-106)

————————————————————————————————

**ON PETITION FOR REHEARING**

Before REAVLEY, BENAVIDES and WIENER, Circuit Judges.

PER CURIAM:[*]

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Counsel for O'Keefe contends that our description of one of his arguments was unduly harsh. We grant the motion for limited panel rehearing as follows. We delete the following sentence from our opinion:

> O'Keefe's argument to this court that Moore gave "false testimony to the jury that he had 'no deal' with the Government," O'Keefe's opening brief at 9, and that in a post-trial civil deposition Moore "for the first time admitted that, through his attorney, he did obtain a 'deal with the government,'" id. at 28, is highly misleading and a mischaracterization of the record.

We substitute the following sentence in place of the deleted sentence:

> O'Keefe's argues that Moore gave "false testimony to the jury that he had 'no deal' with the Government," O'Keefe's opening brief at 9, and that in a post-trial civil deposition Moore "for the first time admitted that, through his attorney, he did obtain a 'deal with the government,'" id. at 28.

There being no other petition for rehearing, the mandate shall issue.